**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH ALBERT MARCUS, | No. 09-15410 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00926-ATG |
| v. | |
| DARRELL G. ADAMS; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Alfred T. Goodwin, Senior Circuit Judge, Presiding

Submitted February 18, 2011[**]
San Francisco, California

Before: TALLMAN and BEA, Circuit Judges, and CONLON, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Petitioner-appellant Ralph Albert Marcus appeals the district court's denial of his petition for writ of habeas corpus. We affirm.

The district court granted a Certificate of Appealability on two issues: (1) whether Marcus's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated by the prosecution's alleged withholding of exculpatory cassette tapes; and (2) whether Marcus's Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's performance, under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Marcus and his counsel do not brief either certified issue in this appeal. Instead, Marcus's briefing focuses exclusively on a third, uncertified issue concerning the pretrial removal of his public defender for a conflict of interest. That claim is unmeritorious and we decline to address it. *See* 9th Cir. R. 22-1(e).

Having waived the two certified issues by failing to brief them, Marcus does not present any colorable claim on appeal.

**AFFIRMED.**